O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY ANN SAVOY,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>        Defendant. | CASE NO. CV 06-5906 RZ<br><br>MEMORANDUM OPINION AND ORDER |

Because none of Plaintiff's arguments challenging the underlying denial of disability benefits is persuasive, the Court will affirm. Briefly stated: based on Plaintiff's age and the Administrative Law Judge's findings as to her education, skill level and ability to perform a full range of "light" work with no significant non-exertional limitations, the judge concluded that the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), § 202.13, dictated a finding of non-disability. *See generally* Administrative Record ("AR") 18-24.

### I.

### "FAILURE TO PROPERLY EVALUATE" VARIOUS AILMENTS

Plaintiff's first argument is that the Administrative Law Judge failed to evaluate the record properly in concluding – based in substantial part on the testimony of

the medical expert, Harvey L. Alpern, M.D., a cardiologist and internist, *see* AR 455-60, 461-63, 465-72 – that various ailments, or alleged ailments, were less disabling than she claimed. For the most part, Plaintiff's scattershot argument consists of naming various doctors' opinions, but she does not explain how those doctors' opinions contribute to greater work-related restrictions. The Court declines to flesh out Plaintiff's argument for her but will address what appear to be her primary sub-arguments.

Plaintiff faults the underlying finding that her neuropathy either was nonexistent (as suggested by the Administrative Law Judge's use of quotation marks around the term "neuropathy" on one occasion, as quoted below) or "exceedingly minimal." More specifically, the underlying opinion included the following two brief passages about neuropathy, separated by a full page of other discussion:

> Dr. Alpern testified that neuropathy had been diagnosed ([citation to AR 216]), but that there are no objective findings to support the diagnosis. Dr. Alpern noted that alcohol can cause neuropathy. Dr. Alpern stated that stockings were prescribed to prevent blood clots in the claimant's legs.
>
> . . .
>
> As Dr. Alpern testified, the claimant has been diagnosed with bilateral "neuropathy" of the feet ([citation to AR 216]). However, the diagnosis is completely unsupported by objective evidence. Assuming that the claimant does have neuropathy, it is exceedingly mild, and there is no indication that it is of such severity as to warrant a more limited residual functional capacity.

AR 21, 22. Thus, the Administrative Law Judge relied not only on the medical expert's testimony but also on his own review of the record, revealing that, even if Plaintiff does

have neuropathy, no medical evidence in the record supports any *greater* work-related limitations as a consequence thereof. This determination was supported by substantial evidence and legally sound.

Plaintiff also challenges a similarly dismissive finding about her alleged Prinzmetal's angina, a "form of angina pectoris . . . in which the pain is not initiated by a workload on the heart [but] is believed to be coronary artery spasm." 5 SCHMIDT, ATTORNEY'S DICTIONARY OF MEDICINE at P-439 (2007). Viewed in the context of other findings about Plaintiff's heart ailments, this was not error. Specifically, the Administrative Law Judge found that Plaintiff had "severe" hypertension, albeit controlled with medication, and a history of coronary artery disease. *See* AR 20, 21. As to the latter condition, the opinion noted that Plaintiff received a stent, then a catheterization procedure, after which she underwent a normal stress-test. AR 22; *see* AR 369, 372. As the Administrative Law Judge commented, a –

> provisional diagnosis of Printz Metal [*sic*] disease . . . was made, but Dr. Alpern stated that such a diagnosis was not borne out by the subsequent medical evidence. He indicated that a third catheterization revealed no blockage, and that a treadmill stress test was negative. Dr. Alpern concluded that the claimant's chest pain is non-cardiac in origin.

AR 21. Having first set out this background, the Administrative Law Judge found that "no underlying disease process . . . would preclude the performance of a full range of light exertion." Substantial evidence supports that finding, and it is free of legal error.

Finally, Plaintiff appears to challenge the Administrative Law Judge's discounting of side effects relating, perhaps among other things, to Plaintiff's interferon treatment. (Plaintiff also sets out a separate side-effects argument, but it fares no better no matter where it appears in Plaintiff's brief.) Specifically, the judge found that, during the

period of alleged disability, "no documentation of significant and chronic side effects from such treatment" existed in the record. AR 21. (Later, in a more general statement referring to Plaintiff's other medications, the opinion noted that "[t]here is no evidence of medication side-effects significant enough to reduce the claimant's exertional level" below the "light" level. AR 22.) In response, Plaintiff directs the Court to a single treatment record, but that record refers to the "waxing and waning characteristics of [the] Hep[atitis] C infection" itself, not to the side effects of interferon meant to *treat* that infection. *See* AR 152. In any event, as Defendant notes, that treatment note is from 2002 and thus falls outside of the period during which Plaintiff now alleges disability, starting on November 8, 2004. *See* AR 19; AR 454 (confirming, at hearing, Plaintiff's amendment of prior alleged-onset date from 1999 to 2004). Plaintiff fails to show that the finding of no documented "significant and chronic" side effects from interferon treatment (and a similar finding as to other medications) lacked substantial evidentiary support or was legally unsound.

## II.
## PLAINTIFF'S CREDIBILITY

Under multiple headings but with similar arguments in each, Plaintiff challenges the Administrative Law Judge's finding that her accounts of pain and other subjectively-reported symptoms were not fully credible. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994). Among other factors, the Administrative Law Judge properly may base credibility findings on a claimant's

reputation for truthfulness and any inconsistencies between his subjective account, on the one hand, and, on the other hand, his conduct, routine activities, and reports from physicians and others about the nature and severity of the claimant's symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, as a preliminary matter, the Court notes that the Administrative Law Judge appears to have credited, rather than discredited, Plaintiff's subjective complaints of occasional chest pain, but he still concluded that such pain did not prevent her from doing light work.  His discussion of her coronary artery includes his observation that, after she had undergone multiple treatments, "an exercise stress test conducted in March 2005 revealed no evidence of significant coronary disease (Exhibit 13F, pp 77-78)."[1] AR 22.  Rather than discount her chest-pain complaints thereafter, however, the Administrative Law Judge appears to have given her the benefit of the doubt as to the ongoing pain's existence: "The etiology of the claimant's current chest-wall pain is unknown, but there is no evidence of an underlying disease process that would preclude the performance of a full range of light exertion."  AR 22.  In short, he credited her claims of chest pain, but found those claims did not render her disabled.

The Administrative Law Judge did not believe several other subjectively-reported symptoms, however, explaining as follows:

> The claimant's [other] subjective complaints are not credible and do not support a more limited residual functional capacity.  The claimant has indicated that she experiences shortness of breath and that she is unable to walk for more than a few blocks at a time.  However, nothing in the medical evidence supports such limitations.  Furthermore, the claimant

---

[1] The Court was unable to locate this citation in the Administrative Record.  It appears that Exhibit 13F is incomplete, for its hand-numbered pages appear to skip from internal page 76 (AR 375) immediately to internal page 79 (AR 376).

has never made such allegations to treating sources.  Therefore,
                    the undersigned concludes that the claimant's subjective
                    allegations are made for the purposes of secondary gain and are
                    not entitled to significant evidentiary weight.

AR 22.  The Administrative Law Judge perhaps overstates his case when he claims that "*nothing* in the medical evidence supports" a report of shortness of breath, for Plaintiff has asthma.  Similarly, a claim of fatigue when walking is not supported by absolutely "nothing in the medical evidence," for Plaintiff has a history of coronary artery disease.  Any possible errors were harmless, however, because the two underlying conditions, which otherwise might jibe with Plaintiff's ongoing complaints of shortness of breath and fatigue, appear to have been corrected:  her asthma is controlled with medication, and she performed well in a 2005 stress test after multiple treatments of her heart problem.  Because it was the Administrative Law Judge himself who pointed out these corrections to her ailments earlier in his own opinion, the Court construes the above portion of his opinion as stating, in effect, that nothing in the medical evidence provides objective support for her *continuing* to report such symptoms, in light of the medications and treatments noted above.  Finally, it was reasonable for the Administrative Law Judge to find it suspicious that Plaintiff was advancing, in her current disability claim, accounts of physical weaknesses that she never reported to her treating sources, as reflected in those sources' records.  *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).  (Perhaps in response to the lack-of-complaints comment in the underlying opinion, Plaintiff points the Court to AR 162, a "Physical Therapy Initial Evaluation."  But even if that evaluation was prepared by a physician or other acceptable medical source – and such is unclear – it still would be immaterial here because *it is dated August 12, 1999*, over five years before Plaintiff's claimed onset date of November 8, 2004.)

    In sum, the underlying opinion supplies sufficiently "specific, cogent reasons supported by substantial evidence in the record," *see Bunnell v. Sullivan*, *supra*, 947 F.2d,

has never made such allegations to treating sources.  Therefore, the undersigned concludes that the claimant's subjective allegations are made for the purposes of secondary gain and are not entitled to significant evidentiary weight.

AR 22.  The Administrative Law Judge perhaps overstates his case when he claims that "*nothing* in the medical evidence supports" a report of shortness of breath, for Plaintiff has asthma.  Similarly, a claim of fatigue when walking is not supported by absolutely "nothing in the medical evidence," for Plaintiff has a history of coronary artery disease.  Any possible errors were harmless, however, because the two underlying conditions, which otherwise might jibe with Plaintiff's ongoing complaints of shortness of breath and fatigue, appear to have been corrected:  her asthma is controlled with medication, and she performed well in a 2005 stress test after multiple treatments of her heart problem.  Because it was the Administrative Law Judge himself who pointed out these corrections to her ailments earlier in his own opinion, the Court construes the above portion of his opinion as stating, in effect, that nothing in the medical evidence provides objective support for her *continuing* to report such symptoms, in light of the medications and treatments noted above.  Finally, it was reasonable for the Administrative Law Judge to find it suspicious that Plaintiff was advancing, in her current disability claim, accounts of physical weaknesses that she never reported to her treating sources, as reflected in those sources' records.  *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).  (Perhaps in response to the lack-of-complaints comment in the underlying opinion, Plaintiff points the Court to AR 162, a "Physical Therapy Initial Evaluation."  But even if that evaluation was prepared by a physician or other acceptable medical source – and such is unclear – it still would be immaterial here because *it is dated August 12, 1999*, over five years before Plaintiff's claimed onset date of November 8, 2004.)

    In sum, the underlying opinion supplies sufficiently "specific, cogent reasons supported by substantial evidence in the record," *see Bunnell v. Sullivan*, *supra*, 947 F.2d,

to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, *supra*, 50 F.3d at 750 (9th Cir. 1994).

### III.
### IMPAIRMENTS IN COMBINATION

Plaintiff's next argument is that the Administrative Law Judge failed to evaluate her impairments in combination. But the underlying opinion recites expressly – after a summary of the evidence relating to those impairments – that the Administrative Law Judge did consider the combined impact of her impairments. Plaintiff offers nothing to gainsay that statement and, in effect, appears merely to be repackaging her other arguments that the Administrative Law Judge should have found her ailments and alleged ailments more disabling than he did.

### IV.
### RELIANCE ON "THE GRIDS" ALONE

Finally, Plaintiff faults the Administrative Law Judge, who arranged for the vocational expert to attend the hearing, for not eliciting testimony from that expert about the specific jobs she could perform. But no such vocational-expert testimony was required. The Grids dictated a non-disability finding for a person of Plaintiff's age, education, skills and exertional abilities with no significant non-exertional limitations. Plaintiff re-argues her prior challenges to those antecedent findings, but they are no more persuasive than before.

///
///
///
///

## V.
## CONCLUSION

For the foregoing reasons, the underlying decision is affirmed.

DATED: October 5, 2007

                      RALPH ZAREFSKY
          UNITED STATES MAGISTRATE JUDGE